UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN VANZZINI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4173 |
| | § | |
| ACTION MEAT DISTRIBUTORS, INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' [sic] Motion for Conditional Class Certification, *Hoffman-LaRoche* Notice to Potential Class Members and Equitable Tolling of Statute of Limitations ("Motion") (Doc. No. 10). After considering the Motion, all responses thereto, and the applicable law, the Court concludes that the Motion should be denied.

### I. BACKGROUND

In December 2011, Plaintiff Juan Vanzzini filed this lawsuit against Defendants Action Meat Distributors, Inc. and J. Fred Cramm, President, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

Plaintiff was employed by Defendants as a puller, and states that his job duties included filling customer orders and loading them onto trucks for delivery. (Vanzzini Aff. (English Translation), Doc. No. 10-1, at 1.) Plaintiff contends that he was paid on an hourly basis, and regularly worked in excess of 40 hours per workweek without receiving overtime pay. (Compl. ¶¶ 36–37.)

Plaintiff seeks to represent a class of individuals whom he describes in the Complaint as:

1

> All current and former employees of any of the facilities owned or operated by Defendant in Texas who 1) worked at any business located in Texas that was owned, operated, controlled and/or acquired by Defendants during the class period, and 2) claims that he or she was either (a) deliberately misclassified as being exemptfrom [sic] the overtime pay provisions of 29 U.S.C., et.seq. or (b) failed to receive all or his or her overtime pay, in violation of 29 U.S. C., et.seq.and [sic] seeks payment for such lawfully earned.overtime [sic] pay.

(Compl. ¶ 19.)

Plaintiff filed this Motion, seeking to conditionally certify the proposed class and send notice to the potential class members. He seeks to send notice to "[a]ll persons who presently work, or formerly worked for Defendant's meat distribution business, and paid on an hourly basis during the three-year period beginning December 2, 2008 to the present." (Mot. at 6.) Defendants object, arguing that Plaintiff has not shown that there is any class of similarly situated individuals.

## II. LEGAL STANDARD

Under § 207(a) of the FLSA, covered employers are required to compensate nonexempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours. Section 216(b) provides a right of action for employees against employers who violate § 207. Similarly situated employees can "opt-in" to a lawsuit under § 207(a) to benefit from a judgment. *Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 105 (D. Conn. 2007).

Courts recognize two methods for determining whether to authorize notice to similarly-situated employees: the spurious class action *Shushan* approach, or the two-step *Lusardi* approach. *Aguirre v. SBC Communications, Inc.*, No. H-05-3198, 2006 WL 964554, at *4 (S.D. Tex. April 11, 2006) (citing *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)). The Fifth Circuit has not determined which method is more appropriate, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207,

2

1216 (5th Cir. 1995), but most courts use the *Lusardi* approach. *Aguirre*, 2006 WL 964554, at *4. *See also Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007) ("Since *Mooney* district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective [action] should be certified under the FLSA.").

Under the first step of the *Lusardi* analysis, courts decide whether to issue notice to potential class members. *Aguirre*, 2006 WL 964554, at *5. Specifically, "[t]he first-stage test requires a minimal showing by the plaintiff that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Id.* at *6; *Albanil v. Coast 2 Coast, Inc.*, No. H-08-486, 2008 WL 4937565, at *6 (S.D. Tex. Nov. 17, 2008) (quoting *Maynor v. Dow Chem. Co.*, No. G-07-504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008)). "'A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *Aguirre*, 2006 WL 964554, at *5 (quoting *England v. New Century Fin. Corp.*, 370 F.Supp.2d 504, 507 (M.D. La. 2005)). A court also "has the power to modify an FLSA collective action definition on its own" if the proposed class definition does not encompass only similarly situated employees. *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, CIV. A. H-08-1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (citing *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931–32 (5th Cir. 2005)).

As the court's decision at this first step is usually based only on the pleadings and affidavits, the standard is lenient and typically results in conditional certification. *Id.* Indeed, as

discovery usually has not been conducted at this stage, courts do not review the underlying merits of the action in determining whether to conditionally certify. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 926 (D. Ariz. 2010). However, "[s]ome factual support for the complaint allegations of class-wide policy or practice must be shown to authorize notice." *Maynor*, 2008 WL 2220394, at *6; *see also Barron v. Henry County Sch. Sys.*, 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003) ("[S]ome identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency.")  Courts have favored collective actions where a plaintiff can establish that common issues of law and fact exist and arise from the same alleged activity, as a collective action proceeding "reduce[s] litigation costs for the individual plaintiffs and create[s] judicial efficiency." *Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 823 (N.D. Tex. 2007) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

Once a court conditionally certifies a class, the case proceeds as a collective action during discovery. *Aguirre*, 2006 WL 964554, at *5 (citing *Mooney*, 54 F.3d at 1214).  At the second stage of the analysis, the defendant moves to "decertify" the conditionally-certified class. *Id.* (citing *Mooney*, 54 F.3d at 1214).  The court then must make a factual determination as to whether the employees are similarly situated; if it so finds, the collective action may proceed. *Id.* Alternatively, if the court finds that the employees are not similarly situated, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed with their individual claims. *Id.* (citing *Mooney*, 54 F.3d at 1214).

### III. ANALYSIS

#### A. Other Aggrieved, Similarly Situated Individuals

Plaintiff has met his burden of showing that there is a reasonable basis for assuming that other aggrieved individuals exist; however, he has not shown that the class of aggrieved

4

individuals extends as broadly as his proposed class. Plaintiff's Affidavit states conclusorily that "other workers at Action Meat Distributors, Inc. were similarly situated in that they also did not receive overtime pay for hours that they worked in excess of 40 hours in a workweek." (Vanzzini Aff. at 1.) He "believe[s] that there was a common policy and practice . . . to withhold overtime pay from certain workers." (*Id.*) However, he does not state how many additional workers did not receive overtime pay or provide any identifying information about these individuals.

Defendants provide a statement from Joel Stafford, Human Resources Director of Action Meat Distributors, which is signed under penalty of perjury. (*See* Stafford Aff., Doc. No. 11-1, at 3.) Through this affidavit, Defendants admit that Plaintiff was misclassified as a contract laborer because he did not provide a social security number and thus was not entered into the payroll system. (Stafford Aff. ¶ 4.) Defendants also admit that there were two other individuals who also did not provide their social security numbers and thus did not receive overtime pay for the same reason. (*Id.*) Defendants swear that "[t]hese three gentlemen are the only employees in the last 5 years who have been misclassified in this way." (*Id.*) All other employees in Plaintiff's job position ("Puller"), as well as all other hourly employees, were paid time-and-a-half for all overtime hours worked. (*Id.*)

In support of this statement, Defendants provide full payroll records from 2009–2011 that show that all employees on the payroll, with the exception of managerial employees classified as exempt, received at least some overtime pay.[1] (*Id.* ¶¶ 5–7; Doc. Nos. 11-2, 11-3, 11-4.) "For the

---

[1] From these records, the Court can determine only that each employee received some overtime pay; it has no way of verifying Defendants' statement that each employee received full payment for all overtime hours worked. For this reason, Defendants also include affidavits of employees who swear that they have received overtime pay for every hour they have worked over 40 hours in a week. (*See* Morin Decl. (English Translation), Doc. No. 14-1, ¶2; Ortega Decl. (English Translation), Doc. No. 14-2, ¶2; Reyna Decl. (English Translation), Doc. No. 14-3, ¶2; Valleza Decl. (English Translation), Doc. No. 14-4, ¶2.) Plaintiff objects to these affidavits as selective. (Reply, Doc. No. 13, ¶

5

class representative to be considered similarly situated to the potential opt in class members, the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Ryan*, 497 F.Supp.2d at 825 (citing *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)).  Plaintiff has not shown how other hourly employees who received at least some overtime pay could be similarly situated to him, a contract worker, with respect to payment provisions.  The evidence here is insufficient to show that "the putative class members were together the victims of a single decision, policy, or plan." *Mooney,* 54 F.3d at 1214 n.8 (citation omitted).

Thus, the Court finds that Plaintiff has satisfied his initial burden with respect to not all hourly workers, but all hourly workers who were classified as contract workers and thus not on the payroll.

### B.  Desire to Opt In to the Lawsuit

Some courts require a showing that "at least a few individuals seek to join the lawsuit." *See, e.g.*, *Simmons v. T-Mobile*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) ("Others' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice of a conditionally certified class of claimants in a collective action.").  Many other courts have determined that plaintiffs do not need to present evidence that potential opt-in plaintiffs desire to opt in.  *See, e.g.*, *Jesiek*, 275 F.R.D. at 247 ("Plaintiff's failure to provide evidence that potential opt-in plaintiffs' desire to opt-in is not fatal to their motion."); *Villarreal v. St. Luke's Episcopal Hospital*, 751 F. Supp. 2d 902, 915 (S.D. Tex. 2010) ("The court agrees that a plaintiff need not present evidence at this stage of the third element, that aggrieved individuals actually want to opt in to the lawsuit.").  However,

---

6.) However, as explained in this paragraph, the Court need not consider this fact issue, as it finds these employees are not similarly situated to Plaintiff with respect to their payment provisions.

these courts have found that plaintiffs adequately explained their reasons for not providing evidence that additional plaintiffs desire to opt-in, *Jesiek*, 275 F.R.D. at 247, or made some showing that "there may be other aggrieved individuals to whom a class notice should be sent." *Villarreal*, 751 F. Supp. 2d at 916.

Here, Defendants have presented sworn statements from the two other individuals, identified above as the only employees similarly situated to Plaintiff,[2] which affirmatively deny that these individuals would desire to opt into this lawsuit. These individuals state that they are aware of Plaintiff's lawsuit, but do not wish to join because they have already been paid double the amount of all unpaid overtime earned during their tenure at Action Meat Distributors. (Guzman Decl. (English Translation), Doc. No. 14-5, ¶¶ 3–4; Zavala Decl. (English Translation), Doc. No. 14-6, ¶¶ 3–4.) In light of these sworn statements, and without additional allegations or evidence from Plaintiff about class members who would desire to opt in, the Court must deny Plaintiff's Motion.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 29th of May, 2012.

*/s/ Keith P. Ellison*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2] The Court accepts as true Stafford's statement that these are the only two individuals who fall into this category. His statement is sworn under penalty of perjury, and he is both the Human Resources Director and custodian of records for Defendants. Plaintiff provides no competing allegations or evidence on this issue. As Defendants would ultimately be responsible for providing Plaintiff with class members' names and contact information, it would be futile to order them to produce the names of all hourly workers misclassified as contract workers, when they have already provided a sworn statement indicating that only these two individuals exist.