IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN VANZZINI AND ALL OTHERS SIMILARLY SITUATED | § § § § | |
| V. | § § | CIVIL ACTION NO. 4:11-cv-04173 |
| ACTION MEAT DISTRIBUTORS, INC. And J. FRED CRAMM | § § § | JURY DEMANDED |

## DEFENDANTS' RESPONSE TO STATUS REPORT FILED BY PLAINTIFF

Defendants, Action Meat Distributors, Inc. and J. Fred Cramm, file this response to the "Status Report" (the "Report") filed herein by the Plaintiff Juan Vanzzini, and would show the Court as follows:

### Background

1. The Plaintiff, Juan Vanzzini, has filed the Report, asserting that the Defendants have engaged in deceptive and malicious actions in both responding to the motion to certify conditional class filed by the Plaintiff and generally in purported actions taken by Defendants and their employees with regard to this lawsuit and potential parties thereto. Defendants respond to the allegations made by the Plaintiff and will show this Court that such allegations are without merit and have been made in an attempt to persuade this Court to unfairly punish Defendants for actions which are neither deceptive nor fraudulent.

### Action Meat Employee Affidavits

2. The Court mentioned in passing at a hearing on July 12, 2012 that there appeared to be some discrepancies between the Spanish and English versions of several declarations presented by the Defendants with their Sur-Reply to the motion for certification of conditional class filed by the Plaintiff. This was the first time that either Plaintiff or Defense counsel was made aware of such discrepancies. Aside from mentioning the existence of the discrepancy, the Court did not order or request Defendants to provide an explanation of the discrepancies and granted the Plaintiff's motion to reconsider and certify a conditional class. The declarations in

question were those signed by Fernando Valleza, Alberto Reyna, Cesear Ortega and Teodoro Morin.  The Spanish declarations which were signed by those employees are 4 paragraphs in length, while the English translations of those Declarations that were furnished to the Court are 3 paragraphs long.  While both the Spanish and English versions of the declarations state that the employees do not wish to pursue a claim against Action Meat, and that they do not wish to join the Vanzzini lawsuit, the Spanish declarations state that the employees have in the past been improperly paid (paragraph 3 of the Spanish declaration), while the English translations of the same Spanish Declarations state that the employees have always been paid properly and have been paid overtime.

3. The Defendants have investigated this matter and have determined that this discrepancy came about through, first, a miscommunication between Defendant's counsel, Josef Buenker, and the Spanish translator, Ms. Diane Teichmann, and was then exacerbated by certain innocent and harmless assumptions, mistakes and inadvertent acts made by Action Meat employees who signed the declarations.

## Evidence Presented with this Response

4. Defendants are filing with this Response the following Declarations/Affidavits:

Declaration of Joel Stafford (Exhibit A);

Declaration of Josef Buenker (Exhibit B);

Affidavit of Gloria Stafford (Exhibit C);

Declaration of Michael Gutierrez (Exhibit D);

Declaration of Fernando Valleza (Exhibit E);

Declaration of Alberto Reyna (Exhibit F);

Declaration of Cesear Ortega (Exhibit G); and

Declaration of Teodoro Morin (Exhibit H).

The Court will note that the declarants of the 4 attached translated declarations (Valleza, Reyna, Ortega and Morin, Exhibits E-H) are the four employees whose original declarations first caused questions in the Court's mind since they were the declarations that were accompanied by

the wrong English translation. Defendants ask the Court to take note that, in order to ensure the accuracy of the translations of the declarations attached to this Response, they were initialed by the employees at the end of each paragraph to confirm that the employees read them and understood each paragraph. Further, these declarations were signed in their Spanish form and then translated into English by the translator. The remaining declarations are in English and thus did not require translation.

### Sequence of Events

5. The Plaintiff filed his motion for conditional certification of a collective action on February 3, 2012. Defendants' position with regard to the conditional certification issue was, and remains, that only three (3) Action Meat employees were misclassified as independent contractors and were not paid overtime for some period of time. The Defendants filed their response based on that argument on February 24, 2012. In preparing the response, it was anticipated that affidavits from Action Meat employees would be helpful. Thus, Joel Stafford, controller for Action Meat, asked Michael Gutierrez, one of the "pullers" at Action Meat who speaks English and Spanish, to see if he could find several other pullers who would be willing to confirm in an affidavit that they believed they had always been paid all the wages and overtime owed to them while they have been employed at Action Meat, were aware of the Vanzzini suit, and did not want to join the suit *(Exhibit A, para. 3a, 3b)*. In addition to Mr. Gutierrez, Valleza, Reyna, Ortega and Morin all agreed to sign such an affidavit *(Exhibit A, para. 3b)*.

6. Margarito Zavala and Alejandro Guzman, who Defendants have always conceded were improperly paid for some period of time when they were improperly classified as independent contractors, were paid all of their unpaid overtime shortly after Action Meat became aware of the mistake in the classification of those employees *(Exhibit A, para. 7, 8)*. Further, in February, 2012, Action Meat paid those gentlemen an equal amount of money for liquidated damages *(Exhibit A, para. 7, 8)*. Mr. Zavala and Mr. Guzman were asked if they would be willing to sign a declaration acknowledging receipt of their overtime pay and liquidated damages, and that they did not wish join with Mr. Vanzzini to pursue overtime claims against

3

Action Meat. They agreed to do so and ultimately signed declarations to that effect *(Exhibit A, para. 3d, Exhibit C, para. 4e, 4f)*.

7. In the meantime, two different form declarations were drafted, one with 4 paragraphs for Messrs. Zavala and Guzman *(Exhibit B-1)* and one with 3 paragraphs for the remaining employees who had always been paid their overtime (Gutierrez, Morin, Reyna, Ortega, and Valleza) *(Exhibit B-2) (Exhibit B, para. 4)*. The form for the affidavits of Messrs. Zavala and Guzman was sent to Ms. Teichmann first, on February 21, 2012, followed the next day by the form for the second declaration *(Exhibit B, para. 5)*. The names and employment time frame for Messrs. Zavala and Guzman were sent to Ms. Teichmann after the first form declaration was sent, and she prepared declarations in Spanish based on the form and the provided information *(Exhibit B, para. 5)*. After the format for the second declaration was sent to Ms. Teichmann, the information regarding the 4 other Spanish-speaking employees was sent to her *(Exhibit B, para. 5)*. Instead of translating the second declaration for the second set of employees, however, Ms. Teichmann prepared Spanish versions of the first declaration for Morin, Reyna, Ortega, and Valleza. Mr. Buenker, believing that the second declaration had been translated for the second group of employees instead of the first declaration, sent the translations to Action Meat *(Exhibit B, para. 5, 6)*.

8. After he received the second set of declarations from Mr. Buenker, Mr. Joel Stafford asked Action Meat employee Michael Gutierrez, who is bilingual, to meet with Valleza, Reyna, Ortega and Morin to explain to them what their declarations stated and to see if they were still willing to sign such declarations *(Exhibit A, para. 3a, 3b, 3c)*. After the 4 employees indicated that they were still willing to sign such declarations, Mr. Gutierrez went through his own declaration (the **English** 3-paragraph version), explained to them what it contained and confirmed that they agreed with the contents *(Exhibit D, para. 3)*. Mr. Gutierrez then invited the 4 gentlemen to review and sign their respective declarations in Spanish. Unfortunately, Mr. Gutierrez's 3-paragraph declaration differed from the 4-paragraph Spanish declarations given to Valleza, Reyna, Ortega and Morin, who signed the 4-paragraph declarations while thinking they

were signing the 3-paragraph declaration. In addition, as to the Zavala and Guzman declarations, Joel Stafford asked his wife, Gloria Stafford, who is bilingual in English and Spanish, to meet with Mr. Zavala and Mr. Guzman to go through and explain the declarations *(Exhibit A, para. 3d)*.

9.   Once the problem with the first set of declarations was called to the attention of the 4 employees in question, they were all asked if they were willing to reaffirm that they believed that they had always been properly paid by Action Meat, that they still did not wish to join the Vanzzini lawsuit, and whether they would be willing to sign another declaration confirming this fact and explaining to the Court the issue of the mistaken signing of the prior declaration. Those affidavits are being submitted to the Court with this Response (Exhibits E-H). The paragraphs in these declarations were initialed at the end of each paragraph to ensure that the employees did, in fact, read and understand them. The employees then signed the declarations, and these were translated into English from the Spanish after they were signed.

10.  The issues raised by the Court with the translation of some of the affidavits were due to mistakes and miscommunication, not any attempts to deceive this Court. If Valleza, Reyna, Ortega and Morin had signed the correct declaration (the 3-paragraph Spanish version) in the first place, then there would have been no change in the English version of the 4 affidavits, which (if these employees' affidavits were even part of the Court's decision-making process in denying the motion to certify class) would have made no difference in the decision of the Court in ruling on that motion. Additionally, in light of the English declaration of Michael Gutierrez, confirming that he had always been paid properly, Defendants would have had no reason to try to fabricate additional favorable evidence.

11.  In summary, the issue concerning the mistake in submitting 4-paragraph Spanish declarations along with 3-paragraph English translation was a simple mistake. To put this issue into a real perspective, this error or mistake was not of substance but of form. There is no question that the substance of the original Declarations and the Declarations which reaffirm the former Declarations attached to this Response remain the same: Declarants reaffirm that they

have been paid all wages, including all overtime, by Action Meat, they do not wish to join the Vanzzini lawsuit, and they were not intimidated, threatened, or coerced by Action Meat to sign either one of the Declarations submitted to this Court.

### Affidavit of Alejandro Guzman

12. Alejandro Guzman and Margarito Zavala are the two Action Meat employees who signed declarations that were attached to Defendants' response to the Plaintiff's motion for conditional certification, in which they both acknowledged being paid all of their past overtime and stated that they did not wish to join in litigation against Action Meat. The Plaintiff has now procured affidavits from both of these individuals in which they state that they do, in fact, wish to join the overtime litigation against Action Meat. Defendants acknowledge that these individuals have the right to pursue an overtime claim against Action Meat, although Action Meat will be entitled to an offset against the payments made to these men, and will have the right to assert affirmative defenses such as accord and satisfaction.

13. Despite the fact that he signed his first declaration under oath, Mr. Guzman now asserts in another sworn document that he was coerced under threat of termination to sign the first declaration. Mr. Guzman further states that he was approached at work by Gloria Stafford and was told to sign a piece of paper but was not told what the paper said, and was told that he would have to sign the paper if he wanted to keep his job. Mr. Guzman also asserts that he is not being properly paid at this time, that he has requested copies of his pay records, and that he has not been given that information.

14. Action Meat contends that Guzman's affidavit is not true and offers the affidavit of Gloria Stafford (Exhibit C) in response thereto. In her affidavit, Gloria Stafford completely disputes many of the statements made by Mr. Guzman, including the claims that Mr. Guzman was told that he would have to sign the declaration in order to keep his job, and that he was not told the substance of the declaration. In her affidavit, Mrs. Stafford clearly and specifically recalls the circumstances of the meeting with Mr. Guzman, and denies many of the assertions that he made. Ms. Stafford explains that she spoke with Mr. Guzman for approximately 45

minutes *(Exhibit C, para. 5)*, during which time she explained to him the contents of the declaration and had him read it *(Exhibit C, para. 4c, 4d)*. Ms. Stafford also recalls that during the conversation, Mr. Guzman asked whether he had any vacation time coming, and that she checked on that and gave him the appropriate vacation request form to fill out *(Exhibit C, para. 4c)*. Mrs. Stafford also states that, after Mr. Guzman signed the declaration, she gave him a check for his unpaid overtime *(Exhibit C, para. 4f)*.

15. Mr. Joel Stafford is the controller for Action Meat. Mr. Stafford's declaration further contradicts Mr. Guzman's statements. Contrary to Mr. Guzman's statements, Mr. Stafford states that Mr. Guzman has not requested any information from him or Action Meat regarding timekeeping or payroll issues *(Exhibit A, para. 10)*. In addition, Mr. Stafford has also attached to his declaration a summary of time and payroll records regarding Mr. Guzman (and Mr. Zavala) for the year 2012 *(Exhibit A-2 to Stafford's declaration)*. The summary reflects that Mr. Guzman and Mr. Zavala were paid for every hour that they worked, including overtime, holidays, and vacations. The records do not reveal one instance of Mr. Guzman or Mr. Zavala being paid "straight time" for hours over 40 during 2012. Mr. Guzman's vague claim that he is presently not being paid for all of the hours he works is without any probative value. Alternatively, Guzman's assertions are made with a total disregard of the actual facts.

## Analysis

16. As is demonstrated by the detailed declarations filed with this Response, the error with regard to the translations of the declarations was an inadvertent mistake, and not an attempt to mislead or deceive this Court. The declarants, Joel Stafford, Gutierrez, Valleza, Reyna, Ortega and Morin, have confirmed that the contents of the 3-paragraph English affidavit is true and that the signing of the 4-paragraph affidavit was a mistake on their part. To the extent the Court relied on the English declaration in making its decision on the motion to certify class, then, that reliance was in line with the truth. As stated before, the discrepancy between the Spanish Declarations and the English translation was a mistake of form, not of substance.

17. There is no evidence, contrary to the Plaintiff's contention, of any pattern of intimidation on the part of Action Meat. The only two people who have made such assertions are the two people who Action Meat has conceded all along could have a potential claim against Action Meat. Action Meat has in no way interfered with any of its employees' rights and, in trying to comply with the spirit of the Court's verbal July 12 order, has, without the entry of a conditional certification order, and, based on Plaintiff's counsel's assertions that no written order would be forthcoming from the Court, provided Plaintiff's counsel with the names and address of all Action Meat hourly employees for the last 3 years.

18. Finally, Defendants find it interesting that the Plaintiff contends in his "Status Report" that *"The information appears to indicate that the affidavits presented to the Court are not the same documents as those translated by Ms. Teichman."* Plaintiff also submits an affidavit of his translator, Ana Maria Paredes, who offers <u>hearsay</u> testimony as to what was said by Ms. Teichman during a telephone conversation and/or email exchange between them in an attempt to buttress Plaintiff's obvious contention of wrongdoing, deceit, or misconduct by Defendants.[1]

19. Plaintiff's filing of the Status Report under seal with this Court, and not allowing the Defendants to see its contents until Defendants' co-counsel requested it has been nothing more than an attempt to seize on the opportunity of making an innocent mistake by Defendants and its counsel into an imputation of malicious, deceitful, misleading, and even unethical actions by Defendants and its counsel. This is further true in view of the fact that, aside from mentioning in passing during the hearing on July 12 that there was some discrepancy or error with the translations, the Court did not order or even request Defendants to provide an explanation of the discrepancy. Neither did the Court ask the Plaintiff to "investigate" this incident and report it to the Court. This "Status Report" was also filed *after* the Court had granted the Plaintiff's motion to conditionally certify the class, thereby, whatever discrepancy or errors were contained in the translations were more of a moot issue rather than a significant event. The attempt by Plaintiff to

---

[1] When co-counsel for Defendant informed Ms. Teichman of the statements made by Ms. Paredes, he was told by Ms. Teichman during a telephone conversation on July 27, 2012, that Ms. Paredes had taken her statements out of context.

8

seize an opportunity to vilify and demonize the Defendants and their counsel by suggesting that they engaged in malicious and deceiving acts is totally improper, without basis, and a waste of the precious resources of the litigants and of this Honorable Court. Such conduct by the Plaintiff should not be permitted and the Defendants request that that the Court use its inherent powers to prevent these actions in the future.

### Conclusion and Prayer

20. The assertions of improper conduct made by Plaintiff's counsel in the Status Report are unwarranted, and there are no grounds for imposition of sanctions against the Defendants. There are significant discrepancies between different statements made under oath by Mr. Zavala and Mr. Guzman, and a significant dispute surrounding the assertions made by Mr. Zavala and Mr. Guzman in their affidavits, as shown by the declarations and affidavits of Joel and Gloria Stafford; this fact issue is not a matter that constitutes any sort of actionable or sanctionable conduct, but instead indicates the need for expedited discovery in this matter.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
1201 Prince Street
Houston, Texas  77008
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2012, I electronically filed a copy of the foregoing pleading and served it by electronic transmission through the Court's CM/ECF system.

*/s/ Josef F. Buenker*
Josef F. Buenker